IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORRINDA SPAULDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 2009 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Corrinda Spaulding brings this suit to review a final decision of the Commissioner of Social Security. Along with her complaint, she petitions to proceed *in forma pauperis*. For the reasons set forth below, her petition is granted.

Before we provide our analysis of the current petition, we briefly recount the complex procedural history of this case. This is the fourth time this case is before us. Petitioner first applied for social security disability benefits in September 1996, but that application was denied by an Administrative Law Judge. We affirmed that decision, but the Seventh Circuit Court of Appeals reversed our decision because the ALJ's determination was based on factual errors, failures to pursue lines of evidence, and inadequate analysis to support the conclusion. Spaulding v. Halter, No. 00-3738, 2001 WL 311420 (7th Cir. Mar. 28, 2001). Upon remand, the ALJ held a new hearing and accepted new evidence. He again found that plaintiff was not disabled. Petitioner again appealed to this court, and we reversed because the ALJ's decision failed to adequately evaluate the severity and frequency of petitioner's symptoms and how they affected her employability. Also, the ALJ relied on erroneous testimony and granted more

weight to the testimony of a non-treating physician over a treating physician, without sufficient explanation. Spaulding v. Barnhart, No. 03 C 4393, 2004 WL 1093312 (N.D. Ill. May 13, 2004).

On remand, a new ALJ held a hearing and issued a decision. He granted petitioner Supplemental Security Income benefits as of April 27, 2004, but denied Social Security Disability benefits from the alleged onset date of December 6, 1996. Petitioner appealed, and we again reversed, because the ALJ did not fully develop the factual record and neglected to make any credibility determination as to plaintiff's symptoms and pain. Spaulding v. Barnhart, No. 05 C 6311, 2007 WL 1610445 (N.D. Ill. Mar. 2, 2007). Yet another supplemental hearing was held before the ALJ, and on February 8, 2008, he issued a decision again denying petitioner's claim for Social Security Disability Insurance benefits. It is this decision that the petitioner asks this court to review.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. Upon our review of petitioner's lengthy proceedings, we discovered that she has sometimes paid the required fees and sometimes applied for, and received, permission to proceed without paying the required fees. This indicates that when petitioner is able to pay the fees, she will do so. Further, in her financial affidavit, plaintiff asserts that she is unemployed and has been since December 1993. She also reports that she has two children who rely on her for support. We are satisfied that she has demonstrated the requisite need.

Our inquiry does not end based on a finding of need. Generally, in reviewing a petition to proceed *in forma pauperis*, we must analyze the claims and dismiss the complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii);

Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). When analyzing whether a plaintiff fails to state a claim, we apply the same standard used in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). Complaints in federal court need only satisfy a notice pleading standard which requires that plaintiffs provide "fair notice" of their claims and that recovery be "plausible." Bell At. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). See also, Airborne Beepers & Video Co. v. AT & T Mobility LLC, 499 F.3d 663, 667 (2007).

In this action, petitioner seeks review of a decision made by an ALJ on February 8, 2008. Because the Appeals Council did not assume jurisdiction of the ALJ's decision, that decision became the final decision of the Commissioner after 60 days. Petitioner timely appealed to this court and so we now have jurisdiction to review the final decision under 42 U.S.C. § 405(g). We have examined the decision and we find no reason, particularly in light of this case's extended procedural history, why a request for review is otherwise frivolous or malicious.

For the foregoing reasons, petitioner's petition to proceed *in forma pauperis* is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 11, 2008.