Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2009 | **DATE** | 3/22/2011 |
| **CASE TITLE** | Spaulding vs. Astrue | | |

**DOCKET ENTRY TEXT**

WRITTEN Opinion by the Honorable Michael T. Mason on 3/22/11: Plaintiff Corrinda Spaulding's motion for attorneys' fees under the Equal Access to Justice Act [40] is granted as set forth below.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This case involves plaintiff Corrinda Spaulding's request for disability insurance benefits. On March 22, 2010, this Court granted plaintiff's motion for summary judgment in part, denied the Commissioner's motion for summary judgment, and remanded the case to the Social Security Administration for further proceedings [38]. Notably, this matter has been remanded for further proceedings on three prior occasions. *See Spaulding v. Halter,* No. 00-3738, 2001 U.S. App. LEXIS 5613 (7th Cir. Mar. 28, 2001); *Spaulding v. Barnhart,* No. 03-4393, 2004 U.S. Dist. LEXIS 8637 (N.D. Ill. May 12, 2004) (Moran, J.); and *Spaulding v. Astrue*, No. 05-6311, 2007 U.S. Dist. LEXIS 42118 (N.D. Ill. Mar. 2, 2007) (Moran, J.).

On June 4, 2010, plaintiff filed a motion with this Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [40]. Plaintiff seeks a total of $9,817.50 in attorneys' fees and costs. (Reply at 4 [47].) The itemized statement attached as Exhibit C to plaintiff's motion includes 55 hours of attorney time at a rate of $170 an hour ($9,350), and 2.7 hours of legal assistant time at a rate of $85 an hour ($229.50). (Mot. Ex. C [40-4].) Plaintiff also seeks an additional 1.4 hours of attorney time spent in preparing her reply brief ($238). (Reply at 4.) Plaintiff contends that the hours billed are reasonable as this case "required review of multiple ALJ decisions and multiple prior Court orders, in addition to the usual research and fact review, due to the tortuous history of this claim." (Mot. at 6.) She also argues that the fees sought are "within the range found reasonable in similar disability claims brought for judicial review before this Court." (*Id.*)

The EAJA authorizes an award of fees and other expenses to a party who prevails against the United States in a civil action where: (1) the claimant is a "prevailing party"; (2) the government's position was not substantially justified; (3) there are no "special circumstances [that] make an award unjust"; and (4) the fee application is submitted within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1); *see also Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). The EAJA

| STATEMENT |
|---|

provides that any attorneys' fee award must be reasonable. 42 U.S.C. § 2412(d)(2)(a). Plaintiff bears the burden of proving that the fees requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).[1] If the requested fees are not shown to be reasonable, then the court may reduce the award. *See Hensley*, 461 U.S. at 433. "[T]he district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* at 437.

Here, the Commissioner does not dispute that plaintiff was the prevailing party and the government's position was not substantially justified. Nor does the Commissioner challenge the hourly rate charged by plaintiff's counsel or counsel's legal assistants.[2] Instead, the Commissioner argues that the amount of time spent and the resulting fees requested are unreasonable. (Resp. at 2 [46].)

The Commissioner takes issue generally with the amount of time expended by plaintiff's counsel, given that her current counsel represented her in two of her prior cases and was awarded a total of $15,740.74 in EAJA fees for work done in those cases. (Resp. at 3.) *See Spaulding v. Barnhart*, Case No. 03-4393, ECF Docket No. 28 (N.D. Ill. Oct. 5, 2004) (awarding $6,900 in stipulated fees); *Spaulding v. Astrue*, Case No. 05-6311, ECF Docket No. 42 (N.D. Ill. June 26, 2007) (awarding $8,840.74 in opposed fees). The Commissioner argues that, given that past involvement, plaintiff's counsel "would have gained, and retained, some familiarity with the facts and issues in her case." (Resp. at 3.)

The Commissioner also challenges the time expended on several particular tasks. First, he argues that the 4.7 hours spent filing paperwork related to initiating the complaint in this matter should be cut by two-thirds. (Resp. at 2.) Second, the Commissioner argues that the 12 hours of attorney time spent in abstracting the administrative record was unnecessary given plaintiff's decision not to provide a "statement of facts" section in her opening brief. (Resp. at 4.) Third, the Commissioner argues that the 33.8 hours of attorney time billed to write plaintiff's opening brief [15] should be reduced by one-half, since plaintiff pursued before this Court only the denial of disability insurance benefits (not supplemental security income), and this was her attorneys' third occasion handling her case in court. (*Id.*) Finally, the Commissioner argues that the 13.8 hours of attorney time billed related to plaintiff's reply [29] should be reduced by one-half, since plaintiff's reply "only reiterates her main arguments." (Resp. at 5-6.)

In her reply in support of her EAJA motion, plaintiff argues the time claimed for the challenged tasks is entirely appropriate. With respect to the initiating paperwork, plaintiff contends that counsel spending 2.5 hours to determine "whether or not the case continued to have merit" is "not unreasonable," and that the "long procedural history of [plaintiff's] claim" required counsel's legal assistant to spend 1.9 hours – rather than her usual 0.8 hours – to prepare those documents. (Reply at 2.) As for the 12 hours spent abstracting the administrative record and the plaintiff's decision not to provide a "complete statement of facts" in her opening brief, plaintiff argues an attorney must first review the entire record in order to determine whether certain facts need not be included in the brief. (*Id.*) As for the 33.8 hours spent drafting plaintiff's opening brief (which includes the 12 hours spent abstracting the administrative record), plaintiff argues that "each time the case is heard in Court a different ALJ decision is being reviewed, new expert testimony must be analyzed, the new testimony must be compared to prior testimony, [and] the previous Court remand order must be addressed as to whether or not the ALJ on remand followed the law of the case." (*Id.*) Plaintiff notes that the Commissioner does not allege that 33.8 hours is an unreasonable amount of time to spend on an opening brief in a social security appeal generally. (*Id.* at 2-3.) Finally, with respect to the 13.8 hours spent on drafting plaintiff's reply, plaintiff contends the Commissioner's argument is unsupported and that the Commissioner has provided no basis for reducing the hours spent on that brief. (*Id.* at 3.)

| STATEMENT |
|---|

We have carefully reviewed the time entries submitted by plaintiff's counsel. We find that the requested number of hours – 56.4 in attorney time and 2.7 in legal assistant time – is within the permissible range of social security cases, namely, 40 to 60 hours. *See Schulten v. Astrue*, No 08-1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases and awarding $8,180.25 in attorneys' fees for 48.75 hours of attorney time); *see also Reed v. Astrue*, No. 08-5604, 2010 WL 669619, at **3-4 (N.D. Ill. Feb. 19, 2010) (awarding $10,710 in attorneys' fees for 63 hours of attorney time); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill.1998) (awarding $8,044.50 in attorneys' fees for 65.75 hours of attorney time in district court litigation). Further, we find that the amount of time spent on each of the tasks set forth in those entries is reasonable, and see no excessive, duplicative, or unnecessary charges. We credit the explanations provided by plaintiff in her reply supporting her EAJA fee motion as to the reasonableness of the time spent on each of the challenged tasks. Further, we specifically reject the Commissioner's argument that plaintiff's reply supporting her summary judgment motion did nothing more than "reiterate her main arguments." Plaintiff's reply addressed the Commissioner's response brief [25], and emphasized errors made by the administrative law judge. The 13.8 hours spent drafting that reply was not unnecessary, redundant, or unreasonable.

It is worth noting the fact that this case involves multiple prior remands actually supports, rather than undercuts, the reasonableness of plaintiff's fee request. The Commissioner is correct that plaintiff's counsel, given his prior representation of plaintiff, would be quite familiar with the facts and issues in this matter. However, the past remands required counsel, in preparing briefing in this matter, to review numerous additional materials not generally part of the usual social security appeal, including three prior court opinions, four prior ALJ decisions, and transcripts from four ALJ hearings. Much as courts refuse to hold the relative expertise of attorneys against them when evaluating their EAJA fee petitions, *see, e.g.*, *Bryan v. Astrue*, No. 08-5472, 2010 WL 438384, at *2 (N.D. Ill. Feb. 8, 2010) (recognizing that an attorney's expertise indicates the amount of hours spent on a case could have been much greater than it was, not that the amount of hours should be reduced) (citations and quotations omitted), we will not penalize plaintiff's counsel for his involvement in earlier remands of plaintiff's claim, particularly where the Commissioner has contested some aspect of that claim at each stage of the proceedings. *See Brodeur v. Astrue*, No. 09-00045, 2010 WL 4038611, at **3-4 (D. Colo. Oct. 14, 2010) (rejecting argument that counsel's involvement in earlier remands warranted reduction in fees sought, finding 62.2 hours of attorney time reasonable, and awarding $10,899.64 in fees). Tellingly, the Commissioner cites no legal authority – and we have found none – supporting the proposition that a pending EAJA request for an ongoing social security claim may be reduced based on past EAJA awards related to the prosecution of that same claim.[3]

Finally, we note that the arguments advanced by the Commissioner are based solely on defense counsel's own opinion as to the time necessary for plaintiff's counsel's research and briefing of her case before this Court. The Commissioner offers no expert, legal, or other authority suggesting that the time billed for the challenged tasks was unreasonable. We find that the time recorded in plaintiff's counsel's log provides a more accurate standard by which to judge his fees than the "blunt and arbitrary instrument like reducing fees by one-half, one-third, one-quarter, one-fifth, or some other fraction/percentage" suggested by the Commissioner. *Evans v. Astrue*, No. 07-290, 2008 WL 5235993, at *7 (N.D. Ind. Dec. 12, 2008). Without evidence or authority to support the Commissioner's assertions, we will not second-guess plaintiff's counsel's reasonable explanations regarding the time spent to achieve a favorable result. *Kling v. Sec'y of Dept. of Health & Human Servs.*, 790 F. Supp. 145, 152 (N.D. Ohio 1992).

For the foregoing reasons, this Court finds that the time plaintiff's counsel and his legal assistants spent pursuing this case was reasonable, and that the fee request is within the realm of fees awarded in comparable cases. Accordingly, we award plaintiff $9,817.50 in EAJA fees and costs.

08C2009 Spaulding vs. Astrue

| STATEMENT |
|---|
| Under *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), any fees paid belong to plaintiff and not her attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States. After this award is entered, if defendant can verify that plaintiff owes no pre-existing debt subject to offset, defendant will direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by plaintiff and her attorney. (*See* Mot. Exhibit B [40-3].) If plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to plaintiff and mailed to the business address of plaintiff's attorney. |

1. While *Hensley v. Eckerhart* addresses the fee-shifting provisions in civil rights actions under 42 U.S.C. § 1988, the Supreme Court specifically noted that "[t]he standards set forth in this opinion are generally applicable in all cases which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433 n. 7; *accord INS v. Jean*, 496 U.S. 154, 161 (1990).

2. We have independently examined the methodology plaintiff's attorneys used to calculate their hourly rate, and find it reasonable. Plaintiff's attorneys began with the EAJA allowance for attorney fees of $125.00 per hour as set forth in 1996 when the EAJA was amended, and adjusted it to the cost of living in November 2008 as defined by the Bureau of Labor Statistics Consumer Price Index ("CPI"). *See* 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee"). We conclude this approach fairly captures the cost of living increases allowable under the EAJA, and note that the hourly rate falls within the range of rates approved in other cases in this circuit. *See, e.g.*, *Bryan v. Astrue*, No. 08-5472, 2010 WL 438384, at *4 (N.D. Ill. Feb. 8, 2010) (finding reasonable rate of $170 per hour for attorney time); *Kallio v. Astrue*, No. 2:07-CV-406-JVB, 2009 WL 2230861, at *4 (N.D.Ind. July 23, 2009) (finding reasonable rates of $172.50 per hour for attorney time and $85.00 per hour for legal assistant time).

3. By way of contrast, an award of attorney fees pursuant to Section 206(b) of the Social Security Act based on "a judgment favorable to plaintiff," *see* 42 U.S.C. § 406(b), is to be offset or reduced by the fees already paid to the attorney under the EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.